IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH THOMPSON,<br>Plaintiff | ) )<br>) | C.A. No. 13-150 Erie |
| v. | ) )<br>) | **District Judge Hornak**<br>**Magistrate Judge Baxter** |
| IRELAND, et al.,<br>Defendants. | ) )<br>) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

It is respectfully recommended that Defendants' motion to dismiss or, in the alternative, motion for summary judgment [ECF No. 20] be granted, and that this case be dismissed.

**II.     REPORT**

**A.     Relevant Procedural History**

On June 5, 2013, Plaintiff Keith Thompson, an inmate formerly incarcerated at the Federal Correctional Institution at McKean ("FCI-McKean"),[1] filed this *pro se* civil rights action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2670 *et seq*. Named as Defendants are the following staff members at FCI-McKean: Food Service Supervisors Dennis Martinelli ("Martinelli") and Todd Sidon ("Sidon"); Food Service Administrator Jane Kennedy ("Kennedy"); Food Service Duty Officer Ireland ("Ireland"); Warden Bobby L. Meeks ("Meeks"); and Dr. Davis ("Davis"), Psychologist.

In his Complaint, Plaintiff alleges that Defendants violated his First Amendment right to free

---

[1] Plaintiff is currently incarcerated at the Federal Correctional Institution at Schuylkill in Minersville, Pennsylvania.

1

exercise of religion, and his Eighth Amendment right to be free from cruel and unusual punishment. In particular, Plaintiff alleges that Defendants Ireland, Martinelli, and Sidon continually referred to him as "Akmon Bin Laddin" and "terrorist," and jokingly accused him of having a bomb (ECF No. 6, Complaint, at ¶¶ 2-3, 5-8, 12-14). Plaintiff also alleges that Defendant Ireland threatened that he and his "clan members" would "blow all of you terrorists up," and stated his belief that "all terrorists at FCI-McKean should be shot and killed with no pay" (Id. at ¶¶ 8, 13). Plaintiff alleges further that he informed Defendants Kennedy, Davis, and Meeks of the harassment and threats, but no action was taken to stop the alleged conduct (Id. at ¶¶ 4, 9-10). As relief, Plaintiff requests "that this Court grants [sic] the proper and just relief against the Defendants herein as his constitutional rights were severally [sic] violated without the proper remedial course of action by the Officers' supriors [sic]" (Id. at p. 12 (internal p. 8)). In addition, Plaintiff's administrative tort claim requests $300,000 in damages (Id. at p. 18).

On January 8, 2014, Defendants filed a motion to dismiss or, in the alternative, motion for summary judgment [ECF No. 20], arguing that Plaintiff's *Bivens* claims should be dismissed because Defendants' alleged conduct did not rise to the level of a constitutional violation, and no physical injuries have been alleged. As additional grounds for dismissal of Plaintiff's *Bivens* claims, Defendants argue that: (i) the Defendants accused of merely acquiescing in the alleged conduct should be dismissed for lack of personal involvement; (ii) any official capacity claims are barred by the doctrine of sovereign immunity; and (iii) Defendants are entitled to qualified immunity. As to Plaintiff's FTCA claims, Defendants seek dismissal because, *inter alia*, the United States is the only proper party in an FTCA action, and constitutional violations are not actionable under the FTCA. Despite being given ample time to do so, Plaintiff has failed to respond to Defendants' motion. This matter is now ripe for consideration.

**C.** **Standards of Review**

    **1.** **Motion to Dismiss**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the

necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit Court has prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

### **2.** **Summary Judgment**

Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment shall be granted if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(e)(2) further provides that when a motion for summary judgment is made and supported, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. Fed.R.Civ.P. 56(c). The moving party has

4

the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed.R.Civ.P. 56(e); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Garcia v. Kimmell, 2010 WL 2089639, at * 1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving

5

party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  See also El v. SEPTA, 479 F.3d 232, 238 (3d Cir. 2007).

A material fact is a fact whose resolution will affect the outcome of the case under applicable law.  Anderson, 477 U.S. at 248.  Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Id. at 247-249.

### **3.** *Pro Se* **Pleadings**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements.  See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).  Because Plaintiff is a *pro se* litigant, this Court will consider facts and make

6

inferences where it is appropriate.

### C. Discussion

#### 1. *Bivens* Claims

##### a. Free Exercise of Religion

Plaintiff alleges that his First Amendment right to free exercise of religion was hindered by the constant religion-based verbal harassment and threats he was subjected to by Defendants Ireland, Sidon, and Martinelli. In particular, Plaintiff alleges that when he told Defendant Ireland that he was considering applying for a promotion in the dish room, Defendant Ireland responded that he would need to "denounce [his] religion and shave off [ ] the hairs off [his] face" (ECF No. 6, Complaint, at ¶ 7). However, Plaintiff does not allege that he actually applied for and was denied a promotion because he failed to denounce his religious beliefs.

The Free Exercise Clause of the First Amendment is not a general protection of religion or religious belief. It has a more limited reach of protecting only the *free exercise* of religion. Parms v. Harlow, 2012 WL 4540275, at *6 (W.D.Pa. Sept. 11, 2012). In Employment Div., Dept. Of Human Resources of Oregon v. Smith, 494 U.S. 872 (1990), the Supreme Court noted that the "free exercise of religion means, first and foremost, the right to believe and profess whatever religious doctrine one desires." 494 U.S. at 877. As a result, the government may not, for example, (1) compel affirmation of religious beliefs; (2) punish the expression of religious doctrines it believes to be false; (3) impose special disabilities on the basis of religious views or religious status; or (4) lend its power to one side or the other in controversies over religious

authorities or dogma.  Id.

In Lyng v. Northwest Indian Cemetary Protective Ass'n, 485 U.S. 439 (1988), the Court noted that there, and in Bowen v. Roy, 476 U.S. 693 (1986), no free exercise claim was stated even though "the challenged Government action would interfere significantly with private persons' ability to pursue spiritual fulfillment according to their own religious beliefs." 485 U.S. at 449.  There was no free exercise problem in those cases because "[i]n neither case ... would the affected individuals be coerced by the Government's action into violating their religious beliefs." Id.  Specifically, "it is necessary in a free exercise case for one to show the coercive effect of the enactment as it operates against him in the practice of his religion." School District of Abington Tp., Pa. v. Schempp, 374 U.S. 203, 223 (1963).  There is no significant burden on free exercise rights where, as here, the government has "impose[d] neither criminal nor civil sanctions on any type of religious service or rite," and where it "does not require [plaintiffs] to choose between their religious beliefs and receiving a government benefit." Locke v. Davey, 540 U.S. 712, 720-21 (2004).

Here, Plaintiff has not alleged actual coercion to violate his religious beliefs; rather, he has merely alleged that he was subjected to idle threats and verbal harassment based upon his adherence to the Muslim faith. Although the Court finds such conduct reprehensible, Plaintiff's allegations are not sufficient to show that Defendants Ireland, Sidon, or Martinelli restricted or interfered with Plaintiff's right to free exercise of religion. Thus, Plaintiff's First Amendment free exercise of religion claim should be dismissed.

### b. Verbal Threats and Harassment

The crux of Plaintiff's complaint is that the constant verbal threats and harassment from Defendants Ireland, Sidon, and Martinelli violated his Eighth Amendment right to be free from cruel and unusual punishment. It is well-settled, however, that the use of words, no matter how violent, is not actionable under 42 U.S.C. § 1983. See Gannaway v. Berks County Prison, 439 Fed.Appx. 86 (3d Cir. 2011) (a claim of verbal harassment does not constitute an Eighth Amendment violation); Wright v. O'Hara, 2004 WL 1793018 at *7 (E.D.Pa. Aug. 11, 2004) ("[w]here plaintiff has not been physically assaulted, defendant's words and gestures alone are not of constitutional merit")(citations omitted); MacLean v. Secor, 876 F.Supp. 695, 698-99 (E.D.Pa. 1995) ("[i]t is well-established that verbal harassment or threats ... will not, without some reinforcing act accompanying them, state a constitutional claim"); Murray v. Woodburn, 809, F.Supp. 383, 384 (E.D.Pa. 1993) ("Mean harassment ... is insufficient to state a constitutional deprivation") (listing cases). Thus, Plaintiff's claims against Defendants Ireland, Sidon, and Martinelli do not rise to the level of constitutional violations and should be dismissed, accordingly.

### c. Personal Involvement

Defendants Kennedy, Sidon, and Meeks argue that Plaintiff's claims against them should be dismissed because Plaintiff has failed to allege that they were personally involved in any of the alleged constitutional violations. The Court agrees.

When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct.

9

Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991). The supervisor must be personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1958, 1207 (3d Cir. 1988). Section 1983 liability cannot be predicated solely on *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976); see also Monell v. Department of Social Services, 436 U.S. 658 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action); Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-1295 (3d Cir. 1997) (to hold police chief liable under § 1983 for violating female subordinate officer's rights, she was required to prove that he personally participated in violating the her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations). If a grievance official's only involvement is investigating and/or ruling on an inmate's grievance after the incident giving rise to the grievance has already occurred, there is no personal involvement on the part of that official. Rode, 845 F.2d at 1208; Cooper v. Beard, 2006 WL 3208783 at * 14 (E.D.Pa. Nov. 2, 2006).

Here, Plaintiff merely alleges that he made Defendants Kennedy, Davis, and Meeks aware of the verbal threats and harassment, but they failed to take proper action to stop the offensive conduct. This is insufficient to establish said Defendants' personal involvement in the complained-of misconduct. As a result, Plaintiff's *Bivens* claims against Defendants Kennedy, Davis, and Meeks, should be dismissed.

### 2. FTCA Claims

The Federal Tort Claims Act ("FTCA") grants jurisdiction to the federal courts to

hear suits against the United States Government for torts committed by its employees while in the scope of their employment. See 28 U.S.C. § 2675(a). The FTCA sets forth the government's consent to be sued for the negligent conduct of its employees "in the same manner and to the same extent as a private individual under like circumstances." Howell v. United States, 932 F.2d 915, 917 (11th Cir.1991) (citations omitted). The FTCA allows federal inmates to sue the United States for injuries sustained while incarcerated. 28 U.S.C. § 2674. All actions brought pursuant to the FTCA must be brought against the United States of America and not in the name of the allegedly negligent agency, entity or employee. 28 U.S.C. §§ 2671-2680; 28 U.S.C. § 1346(b). The only proper party in an FTCA action is the United States of America.

Here, Plaintiff has improperly brought his FTCA claims against the individual Defendants and not against the United States. Thus, Plaintiff's FTCA claims against Defendants should be dismissed on this basis alone. Moreover, Plaintiff has failed to state a cognizable claim for damages under the FTCA in any event, because the FTCA does not provide a remedy for constitutional torts. See F.D.I.C. v. Meyer, 510 U.S. 471, 478 (1994); Williams v. United States, 242 F.3d 169, 175 (4th Cir. 2001). Because the FTCA contains no waiver of immunity for claims of federal constitutional violations, Plaintiff's assertion of alleged unconstitutional acts are not cognizable under the FTCA and his claims should be dismissed accordingly. See Coudon v. Duffy, 446 F.3d 483, 499 (3d Cir. 2006) (finding that "the United States is not liable under the FTCA for money damages for suits arising out of constitutional violations"); James v. United

States, 2009 WL 2605305, at *5 (W.D.Pa. Aug. 21, 2009) ("It is well-settled that the FTCA does not waive the United States' sovereign immunity for constitutional torts that may have been committed by its employees").

### III.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss or, alternatively, motion for summary judgment [ECF No. 20] be granted, and that this case be dismissed.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

s/Susan Paradise Baxter  
SUSAN PARADISE BAXTER  
United States Magistrate Judge

Dated:  July 24, 2014

cc:     The Honorable Mark R. Hornak  
        United States District Judge